IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARMEN COPPER,

      Plaintiff,

v.

                                   CIVIL ACTION NO.
                                   1:11-cv-02198-TWT-LTW

BANK OF AMERICA HOME LOANS
SERVICING, LP,

      Defendant.

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, seeks leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider, pursuant to 28 U.S.C. § 1915(e)(2), the frivolity of Plaintiff's Complaint. Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993).

## I.   Plaintiff's Complaint Fails to State a Claim

Plaintiff's lawsuit is inadequately pled, and as a result, fails to state a claim. Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, —U.S.—, 129 S. Ct. 1937, 1949 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

In this case, Plaintiff, who appears to have downloaded a form Complaint from

2

the internet, alleges that Defendant unlawfully foreclosed upon her property. (Compl., Docket Entry [1-1], at 4). Plaintiff contends the foreclosure was unlawful because "Defendant failed to validate and produce and comply with Plaintiff's 'Nice Offer and Demands' and law." (Id.) Specifically, Plaintiff claims that on September 3, 2010,[1] she mailed via certified mail, a 'nice offer and demands' to Defendant; on September 4, 2010, Defendant received Plaintiff's 'nice offer and demands'; and to date, Defendant has refused Plaintiff's offer to pay the purported debt as stipulated to in Plaintiff's 'nice offer and demands,' has failed to validate the purported debt as stipulated to in Plaintiff's 'nice offer and demands,' and has failed to respond to, rebut, or challenge Plaintiff's 'nice offer and demands.' (Id. at 7). Plaintiff asserts that Defendant's actions (or inaction) violates the United States Constitution, the Georgia Constitution, the Uniform Commercial Code, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

The allegations currently set forth in Plaintiff's Complaint are insufficient to raise Plaintiff's right to relief above the speculative level or to suggest the required elements of any of her purported claims. Plaintiff does not provide this Court with any details about her "nice offer and demands," nor does she explain why Defendant was under any obligation to consider or respond to her "nice offer and demands" rather than foreclosing upon Plaintiff's property. Therefore, even taking Plaintiff's pro se status

---

[1] It appears that Plaintiff mistakenly typed 2011, rather than 2010, in her Complaint.

into account, her Complaint is frivolous and lacks any legal or factual foundation.

Moreover, Plaintiff's Amended Complaint, filed on August 18, 2011, further supports the undersigned's recommendation.  Docket Entry [3].  In her Amended Complaint, Plaintiff additionally alleges that on January 28, 2011, Defendant received an undisclosed "Exhibit B" from Plaintiff, but refused to validate and produce, and Defendant unlawfully sold Plaintiff's property at a foreclosure sale on May 3, 2011. (Am. Compl., Docket Entry [3], at 2-3). Unfortunately, Plaintiff's Amended Complaint does not cure the deficiencies in her original Complaint. Plaintiff continues to challenge Defendant's refusal to respond to her "nice offer and demands," without alleging any facts about the "nice offer and demands" or offering any explanation as to why Defendant had an obligation to consider or respond to her "nice offer and demands" before it proceeded with the foreclosure sale. Plaintiff's allegations in her Amended Complaint are still insufficient to raise Plaintiff's right to relief above the speculative level and still do not suggest the required elements of her purported claims.

Therefore, this Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this _3_ day of October, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARMEN COPPER,

     Plaintiff,

v.

                                   CIVIL ACTION NO.
                                   1:11-cv-02198-TWT-LTW

BANK OF AMERICA HOME LOANS
SERVICING, LP,

     Defendant.

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

     Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

     Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir.

1983), cert. denied 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this _3_ day of October, 2011.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE